UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA,

        Plaintiff,

v.                                                                              Case No. 07-13189
                                                                            Honorable Julian Abele Cook, Jr.
J.O.A. CONSTRUCTION COMPANY, INC.
and JOHNSON O. AKINWUSI,

        Defendants.

<u>ORDER</u>

In this lawsuit, there are three so-called "housekeeping" motions, all of which are now ready for summary decisions by the Court.

The motion by the Plaintiff, Travelers Casualty and Surety Company of America (Travelers), for leave to file a sur-reply to a pending motion for relief from judgment (Docket Entry No. 31) is granted. However, the motion by the Defendants, J.O.A. Construction Company, Inc., et al (Docket Entry No. 37) to file what is essentially a sur-reply to Travelers' motion to file a sur-reply to the Defendants' motion for relief from judgment is denied. The Court does not believe that the proposed additional briefing is necessary or will be helpful to resolving the pending motion for relief from judgment. The Court is already in possession of the Defendants' thirty-four page motion for relief from judgment, a detailed response, and a fourteen page reply. Moreover, the Defendants have also tendered a nine page response to the Travelers' motion for leave to file a sur reply. In their motion, the Defendants have not persuaded the Court that an additional argument beyond the

1

traditional motion, response, and reply would be useful to its decision-making responsibilities. For this reason, the Defendants' motion for leave to file a supplemental brief (Docket Entry No. 37) must be, and is, denied.

Finally, the Court has received Travelers' motion for the entry of a default and default judgment against garnishee Defendant, the United States of America c/o the Department of Labor. Travelers notes that after it obtained a judgment against the Defendants on March 31, 2009, it obtained a Writ for Garnishment to the United States of America c/o the Department of Labor ("the Department") as the Garnishee (Docket Entry No. 32). Travelers has provided *prima facie* proof that the Writ was served upon the Department on October 5, 2009. Nevertheless, the Department has ostensibly failed to deliver or mail a verified Disclosure form to Travelers within the fourteen day period as required by the Writ for Garnishment. (Travelers' Motion at 2, ¶ 4). Thus, Travelers has asked the Court to enter (1) a default and default judgment against the Department for its failure or refusal to comply with federal rules of procedure, and (2) an award in the sum of five hundred dollars in attorneys fees. Neither the Defendants nor the Department have filed a response in opposition to Travelers' motion.

In support of its request, Travelers cites Fed. R. Civ. P. 69(a)(1), which indicates that the procedures which govern the enforcement of a writ of execution on a money judgment "must accord with the procedure of the state where the court is located. . . ." In turn, the Michigan Court Rules provide that "[i]f the garnishee fails to disclose or do a required act within the time limit imposed, a default may be taken as in other civil actions. A default judgment . . . may not exceed the amount of the garnishee's liability. . . ." MCR 3.101(S). The Court also has the discretion to impose costs on a garnishee, including "reasonable attorney fees . . . not . . . less than $100.").

A review of the record and the pleadings in this case reveals that the Department has failed to comply with a requirement which is clearly set forth on the face of the Request and Writ for Non-Periodic Garnishment; namely, that within fourteen (14) days of being served with the Writ it "must deliver or mail copies of [its] verified disclosure . . . to the court, plaintiff/attorney, and defendant." (Request and Writ for Garnishment at ¶ 4). Moreover, the Department appears to have ignored a clear notice on the face of the document which indicates that a default may be entered against it for failing to comply with the order.

The Federal Rules of Civil Procedure authorize the Clerk of the Court to enter a default whenever "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise. . . ." Fed. R. Civ. P. 55(a). Thereafter, the prevailing party is legally entitled to petition the Court for the entry of a default judgment. Fed. R. Civ. P. 55(b)(2). Inasmuch as the Department has not complied with its obligations under MCR 3.101(S) and has failed to answer or otherwise defend itself against the charges in this case in a timely manner, Travelers is entitled to the entry of a default and a default judgment against the Department as a Garnishee Defendant, in accordance with Fed. R. Civ. P. 55. Accordingly, a judgment of default in the total sum of $71,824.77 is entered in favor of Travelers and against the Department, plus the sum of $500 in costs and attorneys fees.

IT IS SO ORDERED.

Dated: December 8, 2010          s/Julian Abele Cook, Jr.
      Detroit, Michigan            JULIAN ABELE COOK, JR.
                                                     United States District Court Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on December 8, 2010.

                                                s/ Kay Doaks
                                                Case Manager